IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DERRICK SMARR, JR., | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| AMERICAN REINFORCING STEEL | ) | |
| ERECTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Derrick Smarr, Jr., by and through undersigned counsel, and files this his Complaint for Damages against Defendant American Reinforcing Steel Erectors, Inc. ("Defendant") stating as follows:

## NATURE OF COMPLAINT

### 1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against him in violation of Title VII of the Civil Rights Act of 1964, as amended, and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

### 3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.  In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

### 4.

Plaintiff is an African American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Linda Klein, at 3414 Peachtree Rd., Suite 1600, Atlanta, Georgia 30326.

## ADMINISTRATIVE PREREQUISITES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging retaliation in violation of Title VII of the Civil Rights of 1964, as amended. Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

### 8.

Plaintiff began his employment with Defendant in November 2021 as a rod buster.

### 9.

Soon after Plaintiff was hired, he noticed that he was being treated differently than my co-workers who were of Hispanic ancestry.

### 10.

For instance, on or about April 2022, Plaintiff's supervisor, Mario (LNU), told Plaintiff, Plaintiff's cousin, Damariua Leaks, and another employee, Branden Parker, "You niggers are lazy."

### 11.

Mario is Hispanic.

### 12.

The same day, Plaintiff and the other two African Americans reported Mario's racially discriminatory statement to General Contractor, Vack (last name unknown) and Tim Mullen, a general superintendent, who is also the son of Defendant's owner, George Mullen. Tim laughed, brushed it off, and told them "You know how Mario is" and stated that they should ignore him.

13.

Following Plaintiff's complaint, Mario continued to make racially discriminatory statements such as" African Americans talk too much" and that he should hire more Mexicans.

14.

On or about August 4, 2022, it was a very hot day, and Plaintiff worked outside and felt like he was going to faint.  Plaintiff tried to get water, but Mario refused to let Plaintiff do so. Instead, Mario called Plaintiff a motherfucker, asked Plaintiff what he was doing, and told him to get back to work. Hispanic employees were able to take water breaks without being yelled at. Plaintiff laid on the ground, until he was able to get to the supervisor's truck to cool down. However, it did not help Plaintiff, and he had to rush to the hospital because Plaintiff was dehydrated and needed fluids.

15.

On August 8, 2022, Plaintiff returned to work. After lunch, Mario told Plaintiff to work on a wall, but Plaintiff informed him that he did not feel safe doing that because he had just been released from the hospital.  Plaintiff also told Mario that he wanted a $2 per hour raise. Plaintiff made this request because he had learned that Hispanic workers that had started working with Defendant after Plaintiff were

being paid more than Plaintiff.

16.

On or August 9, 2022, Johnny Miller, Plaintiff's second supervisor, approached Plaintiff and yelled at him stating "You asked Mario for two f*king dollars - If I was Mario, I would send your f*king ass home."

17.

On multiple occasions, Plaintiff told Tim Mullens and Johnny that Mexican co-workers were paid more than him. However, Plaintiff's supervisors did not address any of Plaintiff' requests and instead cursed Plaintiff out every time he asked for a raise.

18.

On August 9, 2022, George Mullen came to the job site and yelled at Plaintiff for asking for a raise.

19.

On August 11, 2022, Plaintiff informed Tim again that Mario treated African American workers differently and that he felt like he was not being treated with respect. Tim replied that Plaintiff did not deserve any respect.

20.

On August 17, 2022, Plaintiff and his cousin were working on Johnny's job

site in Dunwoody, Georgia. When they finished work, Johnny told them that he does not have more work for them at the Dunwoody site or any other sites, and he stated that they should get in touch with him on Monday.

21.

Johnny told Plaintiff that Plaintiff knew Mario didn't like him, but if Plaintiff wanted, he could text Mario and see if Mario would let him work on his job site.

22.

On August 18, 2022, before the workday started, Plaintiff texted Mario, and asked "Can I come work I have not done anything wrong for you to not want me to come to work." Mario did not reply.

23.

On August 22, 2022, Johnny sent Plaintiff's cousin a text message informing Plaintiff and his cousin that they were terminated. The employer's explanation for their termination was for an alleged no-call/no-show.

24.

On August 26, 2022 Plaintiff went to go pick up his last check from Tim Mullin.

25.

Plaintiff explained everything that had happened since August 18, 2022 to

Tim Mullin. Tim Mullin just laughed.

26.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff's protected activity. As a result of the unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

27.

Plaintiff realleges and incorporates paragraphs 1-23 as if set forth fully herein.

28.

Plaintiff is African American. Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

29.

Plaintiff performed his contractual obligations.

30.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

31.

Plaintiff is a member of a protected class; he is African American.

32.

Plaintiff's complaints and opposition to the racist conduct constitute protected activity under 42 U.S.C. § 1981.

33.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

34.

There was a causal connection between the protected conduct and the adverse action of termination.

35.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

37.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **COUNT II**

## **TITLE VII RETALIATION**

38.

Plaintiff realleges and incorporates paragraphs 1-23 as if set forth fully herein.

39.

Plaintiff is a member of a protected class, i.e., he is African American.

40.

Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

41.

Plaintiff's complaints and opposition to, inter alia, racist conduct constitute protected activity under Title VII.

42.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

43.

There was a causal connection between the protected conduct and the adverse actions of termination.

44.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

45.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

46.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a)          General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b)          Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)          Damages for lost wages and benefits and prejudgment interest thereon;

(d)          Reasonable attorneys' fees and expenses of litigation;

(e)          Trial by jury as to all issues;

(f)          Prejudgment interest at the rate allowed by law;

(g)          Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)       Injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant from further unlawful conduct of the type

described herein; and

(i)       All other relief to which he may be entitled.

Respectfully submitted, this 6th day of January, 2023.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com